W. Greg Lockwood MSB No.: 0396952
wglockwood@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Tel: (503) 222-1075
Fax: (503) 616-3600

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

## SEVENTH JUDICIAL DISTRICT

| | |
|---|---|
| ERIN VAN DER LINDEN,<br><br>              Plaintiff,<br><br>   vs.<br><br>JACQUELINE RIVARD, individually and on behalf of Ichor Systems,<br><br>              Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>DEMAND FOR JURY TRIAL |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant Ichor Systems, Inc. ("Defendant"), by and through its attorneys, hereby removes this action, which is currently pending in the District Court for the State of Minnesota, for the County of Stearns, Case No. 73-CV-26-1561, to the United States District Court for the District of Minnesota, Seventh Judicial Division. In support of this Notice of Removal, Defendant states the following:

---

**DEFENDANT ICHOR'S NOTICE OF REMOVAL** - Page 1
(Case No.   )

## I. REMOVAL STANDARD

1.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2.      Under 28 U.S.C. § 1331, federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3.      Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

4.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

## II. FACTS

5.      On February 26, 2026, Plaintiff Erin Van Der Linden (hereinafter referred to as "Plaintiff") filed an action in Stearns County, Minnesota District Court, now pending as Civil File No. 73-CV-26-1561.

6.      Attached hereto as Exhibit A is Plaintiff's Summons and Complaint. No other pleadings or papers have been served or filed with the Stearns County District Court.

7.      This Notice of Removal is timely. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant). Defendant has served written notice of this filing upon Plaintiff and will cause a copy of this Notice to be filed with the Court Administrator of the Stearns County District Court, in accordance with 28 U.S.C. § 1446(d).

---

**DEFENDANT ICHOR'S NOTICE OF REMOVAL** -
Page 2
(Case No.  )

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

8.      This Notice is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, which provide for removal of any civil action arising under the Constitution, laws or treaties of the United States or in instances where the controversy is between citizens of different states.

9.      Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Minnesota is the federal district court for the district embracing the place where the state court action is pending. Venue is proper.

10.     Removal of this action to the United States District Court, District of Minnesota is also proper based on diversity jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, the amount in controversy exceeds the sum of $75,000.00.

11.     Removal of this action to the United States District Court, District of Minnesota is also proper based on original federal-question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

### III. FEDERAL JURISDICTION

### A. Diversity Jurisdiction Exists the Proper Parties to this Action are Diverse.

12.     Plaintiff is an individual residing in Stearns County, State of Minnesota. Thus, Plaintiff is a citizen of the State of Minnesota.

13.     Defendant Ichor Systems, Inc., is a Delaware corporation with a principal place of business in Fremont, California, 94538. Thus, Defendant is a citizen of the State of Delaware and the State of California pursuant to 28 U.S.C. § 1332(c)(1).

14.     To the extent that Jaqueline Rivard is perceived to be a party to this case, Plaintiff did not allege her citizenship.

15.     Ms. Rivard has not yet been properly served with process and is therefore not subject to any Court's jurisdiction.[1] *Jackson v. Marathon Corp.*, No. 20-CV-79 (ECT/ECW),

---

[1] While she has not been served and such a representation is therefore not necessary, Ms. Rivard *consents* to removal.

---

**DEFENDANT ICHOR'S NOTICE OF REMOVAL** - Page 3
(Case No.  )

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

2020 WL 1940810, at *2 (D. Minn. Apr. 22, 2020) ("Statutory provisions for service of notice must be strictly followed in order for a court to acquire jurisdiction. Service of process in a manner not authorized by the rule is ineffective service.") (citing *In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 477 (Minn. 2013)) (internal citations and punctuation omitted).

16.     Even if Ms. Rivard had been properly served with process, Plaintiff makes no actionable claims relating to Ms. Rivard's conduct. Therefore, she is a sham defendant, subjected to fraudulent joinder, who should not be considered when evaluating complete diversity. *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) ("the district court abused its discretion when it failed to consider whether Donner's purported claims against Western Forms had a reasonable basis in fact and law, because 'under the fraudulent-joinder exception, a plaintiff cannot defeat a defendant's right of removal by 'fraudulently joining a defendant who has no real connection with the controversy.'" If a plaintiff has no legally viable claim against a putative defendant, that party has no real connection with the controversy.") (internal citations omitted).

17.     Complete diversity of citizenship exists between Plaintiff and the only proper Defendant at the time the Complaint was filed, served and received by the Defendant. In addition, complete diversity of citizenship between Plaintiff and Ichor has continued to exist up to and through the date hereof.

### B. The Amount in Controversy Exceeds $75,000.00.

18.     Plaintiff's Complaint fails to plead specific damages. However, it is more likely than not that the amount that plaintiff believes is in controversy will exceed the $75,000 requirement under 28 U.S.C. § 1332. A notice of removal only needs to contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; evidence is required only if the plaintiff contests the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). Plaintiff alleges one claim of sexual harassment resulting in emotional distress, lost income, and attorneys' fees. Based on the experience of the undersigned,

**DEFENDANT ICHOR'S NOTICE OF REMOVAL** -
Page 4
(Case No.  )

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

prayers for similar allegations consistently exceed the threshold of $75,000. Accordingly, Defendant has plausibly alleged that the amount in controversy requirement is satisfied under *Dart Cherokee*.

### C. Federal Question Jurisdiction Exists.

19.     Plaintiff's Complaint alleges that Defendant engaged in "civil/sexual harassment," but does not plead a cause of action under any particular state or federal statute. *See* Plaintiff's Complaint. The Complaint makes no additional claims arising under any specific state statute. *Id*. A plaintiff may not defeat removal by omitting to plead necessary federal questions. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474–76 (1998).

20.     Plaintiff's factual allegations describe conduct that is actionable as sex discrimination under Title VII. See 42 U.S.C. §2000e-2(a)(1). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet*, 522 U.S. at 470. Because Plaintiff appears to have alleged federal claims, her suit should be subject to removal.

### RESERVATION OF RIGHTS

21.     Defendant reserves the right to amend or supplement this Notice of Removal.

22.     Defendant reserves all defenses including, without limitation, those Affirmative Defenses as are set forth in Fed. R. Civ. P. 8(c) and 12(b).

WHEREFORE, Defendant demands removal of the above-captioned matter from the District Court, County of Stearns, State of Minnesota, to the United States District Court for the District of Minnesota.

Dated: March 19, 2026                              GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ W. Greg Lockwood*
W. Greg Lockwood  MN Bar No.: 0396952
wgreglockwood@grsm.com
*Attorneys for Defendant*

---

**DEFENDANT ICHOR'S NOTICE OF REMOVAL** - Page 5 (Case No.  )

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211.


Dated:   March 19, 2026            By:   */s/ W. Greg Lockwood*
                                                 W. Greg Lockwood (MN Bar No. 0396952)

**DEFENDANT ICHOR'S NOTICE OF REMOVAL** -
Page 6
(Case No.  )

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## AFFIDAVIT OF SERVICE

The undersigned, a non-attorney, being first duly sworn upon oath deposes and states that

he served a copy of the foregoing document by sending a true and correct copy thereof via email

and to on March 19, 2026. Mail Service will follow on March 20, 2026.

Erin Van Der Linden
2125 8th Street North
Saint Cloud, MN 56303
vanderlindenerin@gmail.com


By:  /s/ W. Greg Lockwood
        W. Greg Lockwood
        wglockwood@grsm.com


**DEFENDANT ICHOR'S NOTICE OF REMOVAL** -
Page 7
(Case No.  )

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Ave., Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600